ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN WHITE,                                                                     15 CV 0270 (PKC)(PK)

                        Plaintiff,

                                                                          AMENDED
          -against-                                                          COMPLAINT AND
                                                                            JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
JOHN DENNIS, POLICE OFFICER MICHAEL
DEMONDA AND SERGEANT MOHAMMED
KARIMZADA,

                        Defendants.
------------------------------------------------------------------X

       Plaintiff, KEVIN WHITE, by and through his attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

       1.     This is an action for the wrongful acts of defendants, THE CITY OF NEW YORK, POLICE OFFICER JOHN DENNIS, POLICE OFFICER MICHAEL DEMONDA and SERGEANT MOHAMMED KARIMZADA, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

       2.     Plaintiff, KEVIN WHITE, alleges that on or about November 15, 2012, defendants committed wrongful and illegal acts against Plaintiff, including falsely arresting Plaintiff, wrongly imprisoning Plaintiff, assaulting and battering Plaintiff and/or negligently

causing physical injury to Plaintiff, using excessive force in effecting the arrest of Plaintiff, intentionally and/or negligently inflicting severe emotional distress, and negligence in the hiring and retaining of incompetent and unfit officers, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the Plaintiff's Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Easter District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, Plaintiff was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, Defendant, THE CITY OF NEW YORK, was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. Defendant POLICE OFFICER JOHN DENNIS was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER JOHN DENNIS was assigned to the P.S.A.3 precinct of the New York City Police Department at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

10. Defendant POLICE OFFICER MICHAEL DEMONDA was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, POLICE OFFICER MICHAEL DEMONDA was assigned to the P.S.A.3 precinct of the New York City Police Department at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

11. Defendant SERGEANT MOHAMMED KARIMZADA was at all times relevant to this action an officer employed by the New York City Police Department, and acted under the color of state law. Upon information and belief, SERGEANT MOHAMMED KARIMZADA was assigned to the P.S.A.3 precinct of the New York City Police Department at the time of the occurrences alleged in this complaint. He is being sued in both his individual and official capacities.

12. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

13. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants POLICE OFFICER JOHN DENNIS, POLICE OFFICER MICHAEL DEMONDA and SERGEANT MOHAMMED KARIMZADA.

14. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

15. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, assault and battery and/or negligently causing physical injury, use of excessive force in effecting arrest, intimidation, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of Plaintiff.

16. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees hired to provide medical treatment and care for those in custody.

17. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the Plaintiff.

## FACTUAL BACKGROUND

18. At all times relevant to this action, Plaintiff resided at 426 Baltic Street - Apt. 5D, Brooklyn, New York.

19. On or about November 15, 2012, the Plaintiff was visiting his grandmother at 8 Monument Walk, Brooklyn, New York.

20. At approximately 9:20 p.m. on November 15, 2012, the Plaintiff left 8 Monument Walk, Brooklyn, New York and walked to a liquor store located at or near Myrtle Avenue and Clinton Street in the County of Kings.

21. That Plaintiff purchased a bottle of Hennessy at the liquor store, which was placed in a plastic bag.

22. At approximately 9:35 p.m., the Plaintiff exited the liquor store and began to walk back to 8 Monument Walk, Brooklyn, New York with the plastic bag containing the bottle of Hennessy.

23. At approximately 9:40 p.m. the Plaintiff was stopped by a New York City marked police car at or near Myrtle Avenue and Washington Walk in the County of Kings.

24. A Police Officer in the marked police car instructed the Plaintiff to place the plastic bag on the ground.

25. A Police Officer then asked the Plaintiff "what are you doing out here."

26. The Plaintiff explained that he was at a liquor store and was walking back to his grandmother's apartment.

27. At the request of the Police Officers, the Plaintiff furnished them with his New York State identification.

28. Defendant POLICE OFFICER MICHAEL DEMONDA then picked up the bottle of liquor from the ground and threw it against a gate.

29. Upon information and belief, the Police Officers then checked the Plaintiff's name in their computer system.

30. Defendant POLICE OFFICER MICHAEL DEMONDA then informed the Plaintiff that there was an open warrant for the Plaintiff's arrest.

31. Defendant POLICE OFFICER MICHAEL DEMONDA then placed handcuffs on the Plaintiff.

32. Despite Plaintiff's request for information regarding the open warrant, Defendant POLICE OFFICER MICHAEL DEMONDA would not provide the Plaintiff with any information.

33. The Plaintiff was then place in the marked police vehicle and was relocated to the PSA 3 precinct.

34. That the Defendants brought the Plaintiff to the PSA 3 Precinct and placed him in a holding cell.

35. That Plaintiff continued to ask the defendants for information regarding the open warrant.  The Plaintiff's requests were ignored.

36. At approximately 4:30 a.m. on November 16, 2015, POLICE OFFICER JOHN DENNIS asked the Plaintiff if he wanted to come out of the holding cell for the purposes of fingerprinting.  The Plaintiff responded "no."

37. At approximately 5:00 a.m. POLICE OFFICER JOHN DENNIS and SERGEANT MOHAMMED KARIMZADA opened the door to the holding cell and grabbed the Plaintiff by his arms.

38. Defendant POLICE OFFICER JOHN DENNIS and   SERGEANT MOHAMMED KARIMZADA then forcibly sat the Plaintiff on a chair and handcuffed the Plaintiff's arms behind his back.

39. Defendant POLICE OFFICER JOHN DENNIS then began to choke the Plaintiff.

40. Defendant POLICE OFFICER JOHN DENNIS then threw the Plaintiff on the ground and started to kick the Plaintiff's back side.

41. Defendant SERGEANT MOHAMMED KARIMZADA then turned the Plaintiff on his backside and fired a barb from a Taser into the Plaintiff.

42. Defendant SERGEANT MOHAMMED KARIMZADA delivered several thousands of volts of electrical current into the Plaintiff's body for three cycles.

43. Approximately four hours later the Plaintiff was relocated from the PSA 3 precinct to central booking.

44. On November 16, 2012, the Plaintiff was arraigned on a criminal complaint, which charged him with Consumption of Alcohol in Public in violation of Administrative Code § 10-125(B), under Docket No.: 2012KN092645.

45. The Plaintiff was arraigned in the Criminal Court of the City of New York, County of New York before Hon. Stephen Antignani. No open warrant was mentioned at the arraignment.

46. That the matter was adjourned in contemplation of dismissal pursuant to CPL section 170.55.

47. As a direct and proximate result of the action of the Defendant's THE CITY OF NEW YORK, POLICE OFFICER JOHN DENNIS, POLICE OFFICER MICHAEL DEMONDA and SERGEANT MOHAMMED KARIMZADA, Plaintiff was physically assaulted resulting in

injuries to head, nose, back, neck, chest, arms, wrist and various spinal injuries including bruises to his lumbar and bruises to his lower thoracic post and severe emotional distress.

48. As a direct and proximate result of the actions of the THE CITY OF NEW YORK, POLICE OFFICER JOHN DENNIS, POLICE OFFICER MICHAEL DEMONDA and SERGEANT MOHAMMED KARIMZADA, Plaintiff was falsely arrested without justification, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned and severely assaulted.

49. Defendants POLICE OFFICER JOHN DENNIS, POLICE OFFICER MICHAEL DEMONDA and SERGEANT MOHAMMED KARIMZADA acted with malice in arresting Plaintiff on false charges and causing the Plaintiff to be prosecuted on charges the Defendants knew were false.

50. Defendants POLICE OFFICER JOHN DENNIS, POLICE OFFICER MICHAEL DEMONDA and SERGEANT MOHAMMED KARIMZADA brought charges against Plaintiff and purposely misused their Police powers and the courts to arrest, harass, intimidate, assault and batter, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff and their use of excessive force and gratuitous acts of violence against Plaintiff.

51. To date, as a direct and proximate result of defendants actions, Plaintiff has suffered loss of his liberty, physical assault and batter, and continues to suffer physical and

emotional pain and injury, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other physical and psychological injuries.

52. As a direct and proximate result of defendant's actions, Plaintiff was arrested and detained without just cause.

53. As a direct and proximate cause of defendant's actions, Plaintiff was deprived of his rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution.

54. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officers in this case to engage in unlawful conduct described above.

55. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain, thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

56. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from their duties

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: THE EXCESSIVE USE OF FORCE
(Defendant POLICE OFFICER JOHN DENNIS)

57. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-56 of this complaint, as though fully set forth therein.

58. On November 16, 2015, at PSA 3 Precinct, the defendant POLICE OFFICER MICHAEL DEMONDA, without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force such that Plaintiff was injured.

59. That the Defendant, acting as an agent and on behalf of the CITY OF NEW YORK and within the scope of his employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

60. By reason of the aforesaid, Plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

61. The acts and conduct of defendant POLICE OFFICER JOHN DENNIS, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS:
THE EXCESSIVE USE OF FORCE
(Defendant SERGEANT MOHAMMED KARIMZADA)

62. Plaintiff, repeats and realleges the allegations contained in paragraphs 1-61 of this complaint, as though fully set forth therein.

63. On November 16, 2015, the defendant SERGEANT MOHAMMED KARIMZADA , without just cause or provocation and in violation of proper and appropriate police conduct, and with maliciousness and violence, used excessive force in affecting the arrest of plaintiff such the plaintiff was injured.

64. That the defendants, acting as agents and on behalf of the CITY OF NEW YORK and within the scope of his employment, intentionally and maliciously used excessive force, beyond what any reasonable officer in the circumstances would have used, and that no supervisor or superior officer intervened to prevent the use of such excessive force.

65. By reason of the aforesaid, plaintiff suffered great physical damage and pain, intimidation and fear, and conscious pain and suffering, and was otherwise damaged.

66. The acts and conduct of defendant SERGEANT MOHAMMED KARIMZADA, as alleged in the foregoing paragraphs constitute the excessive use of force in effecting an arrest in violation of the Eighth Amendment of the United States Constitution an 42 U.S.C Section 1983.

### THIRD CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
(Defendant Police Officer MICHAEL DEMONDA)

67. Plaintiff repeats and realleges the allegations contained in paragraphs 1-66 of this complaint as though fully set forth therein.

68. The actions of Defendant Police Officer MICHAEL DEMONDA, a member of the New York City Police Department, and acting under the color of state law, deprived plaintiff of his rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

69. By these actions, the individual defendant has deprived plaintiff of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

70. As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### FOURTH CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
### (Defendant CITY OF NEW YORK)

71. Plaintiff repeats and realleges the allegations contained in paragraphs 1-70 of this complaint and though fully set forth therein.

72. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

73. These policies, practices and customs include, inter alia, the use of excessive force in making arrests, charging the plaintiff with one (1) Count under the New York City Administrative Code when the police used excessive force in an attempt to cover up their wrongdoing.

74. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to

have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of plaintiff KEVIN WHITE, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause them injury and violate their constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

75. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this

was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

76. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

77. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-76 deprived plaintiff KEVIN WHITE of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in his person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

78. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-81 deprived plaintiff KEVIN WHITE of his rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from

assault and battery, the excessive use of physical force intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

79. By these actions, defendant CITY OF NEW YORK has deprived plaintiff KEVIN WHITE of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

80. As a result of the foregoing, plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### FIFTH CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

81. Plaintiff repeats and realleges the allegations contained in paragraphs 1-80 of this complaint and though fully set forth therein.

82. Defendants CITY OF NEW YORK, POLICE OFFICER JOHN DENNIS, POLICE OFFICER MICHAEL DEMONDA and SERGEANT MOHAMMED KARIMZADA, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate plaintiff KEVIN WHITE, denying him free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

83. The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or

to produce false evidence in an effort, in violation of plaintiff KEVIN WHITE's constitutional rights including the right to due process, to have plaintiff wrongfully prosecuted for a violation of the New York City Administrative Code that he did not commit.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff KEVIN WHITE requests the following relief jointly and severally as against all of the Defendants:

1. Award compensatory damages in an amount to be determined at trial;

2. Award punitive damages in an amount to be determined at trial;

3. Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
       November 13, 2015

/S/ Alexander M. Dudelson
ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorneys for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100